## THE IOWA CITY BANK V. WEBER.

1. **Fraudulent Conveyance of Note and Mortgage: EVIDENCE.**
Action to subject a note and mortgage held by defendant to the pay-
ment of a debt owing by defendant's husband, on the ground that the
note and mortgage in equity belonged to the husband; but, upon con-
sideration of the evidence, *held* that it appeared that they had been
transferred to the defendant in good faith and for value, to-wit, to
repay her for money which she had years before advanced to her hus-
band, with the understanding that it should be repaid; and a decree for
plaintiff is reversed.

*Appeal from Johnson District Court.*

WEDNESDAY, JUNE 22.

ACTION in equity to subject a certain note and mortgage
held by the defendant Frances Weber to an execution issued
upon a judgment rendered in favor of the plaintiff, and
against the defendant's husband, Martin Weber. There was
a decree for the plaintiff, and the defendant appeals.

*Baker & Ball,* for appellant.

*Milton Remley,* for appellee.

ADAMS, CH. J.— The note and mortgage were executed for
$300, being a part of the purchase-price of a tract of land
sold by the defendant's husband to one King. The plaintiff
insists that they are the property of the execution debtor;
or, if transferred by him to his wife so as to pass title as
between them, the transfer was without consideration, and
made to hinder and defraud creditors. The defendant insists
that she received the same by way of reimbursement for
money advanced by her to her husband many years before.
The evidence seems to be quite clear that the defendant
received $500 from her father, which was used by her hus-
band in removing an incumbrance from certain land stand-
ing in his name, and in making improvements thereon. The
doubt, if any, is as to whether the advancement was not
intended as a gift. The court below must have thought that

it was so intended.    We have read the evidence separately, and have reached the conclusion that it was not so intended.

The defendant testified that it was understood between her and her husband that she was to have an interest in the land, and her husband testified that she was to have her money back when the land should be sold.    The plaintiff insists that they are not worthy of credit, and that their story, as a whole, is disjointed, inconsistent and improbable; but we are unable to think that the plaintiff's position can properly be sustained. We are not accustomed, in determining questions of fact of this kind, to set out the evidence, or do much more than state our conclusion.    It seems more probable to us than otherwise that the transaction in which the defendant acquired the note and mortgage was an honest one, and that the court erred in holding that they should be subjected to the husband's debt

REVERSED.